UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HALINA M. | : |
| | : |
| v. | :  C.A. No. 21-00384-WES |
| | : |
| KILOLO KIJAKAZI, Commissioner | : |
| Social Security Administration | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on September 21, 2021, seeking to reverse the Decision of the Commissioner. On April 3, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 13). On June 9, 2022, Defendant filed a Motion to Affirm the Commissioner's Decision. (ECF No. 19). Plaintiff filed her Reply on June 23, 2022. (ECF No. 20). A hearing on the Motions was held on July 25, 2022.

    This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions, and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 13) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 19) be DENIED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on September 18, 2019 (Tr. 162-163) alleging disability since March 9, 2012. The application was denied initially on December 12, 2019 (Tr. 87-100) and on reconsideration on February 4, 2020. (Tr. 102-117). Plaintiff requested an Administrative Hearing. On November 19, 2020, a hearing was held before Administrative Law Judge Barry H. Best (the "ALJ") at which time Plaintiff, represented by counsel and assisted by an interpreter, and a Vocational Expert ("VE") appeared and testified. (Tr. 7-39). The ALJ issued an unfavorable decision to Plaintiff on December 14, 2020. (Tr. 64-81). The Appeals Council denied Plaintiff's request for review on July 29, 2021. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in evaluating the medical and opinion evidence "to such an extent that it does not provide substantial evidence to support his further conclusions." (ECF No. 13 at p. 15). Plaintiff claims that this also resulted in error in failing to fully credit her subjective complaints. Finally, she argues that the ALJ failed to properly consider her diagnosis of chronic regional pain syndrome ("CRPS").

The Commissioner disputes Plaintiff's claim as "meritless," (ECF No. 19 at p. 2), and argues that the ALJ reasonably interpreted this record and that his findings are supported by substantial evidence and are thus conclusive.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)

(remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Treating Physicians

Substantial weight should be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical

conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

## B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

  **C.**  **Medical Tests and Examinations**

  The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

  **D.**  **The Five-step Evaluation**

  The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving

only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

    (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    (4)    Treatment, other than medication, for relief of pain;

    (5)    Functional restrictions; and

    (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote

v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.     **APPLICATION AND ANALYSIS**

A.     **The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 5. Plaintiff's date last insured for DIB was March 31, 2019. (Tr. 67). Through that date, the ALJ found at Step 2 that Plaintiff had the severe impairments of degenerative joint disease with neuropathy, status-post left foot fracture and surgery, obesity, fibromyalgia, depression, and anxiety. (Tr. 70-73). He concluded at Step 3 that none of these impairments met or equaled a Listing. Id. The ALJ found that Plaintiff had the RFC to perform a limited range of light work. (Tr. 73). While this precluded Plaintiff's past work, the ALJ found that Plaintiff could perform other light, unskilled jobs available in the economy and thus was not disabled for the period from March 9, 2012 through March 31, 2019. (Tr. 80-81).

B.     **Plaintiff Has Shown Prejudicial Error Regarding the ALJ's Treatment of Her Complex Regional Pain Syndrome ("CRPS")**

Plaintiff argues that the ALJ erred by failing to find her diagnosed CRPS to be a medically determinable impairment and a severe impairment at Step 2. (ECF No. 13 at pp. 25-26). She argues that the ALJ's failure to properly consider this condition under Social Security Ruling 03-2p (Evaluating Cases Involving CRPS) taints his analysis from Step 2 through the RFC. Id. According to SSR 03-2p, CRPS is a chronic pain syndrome that can result from surgery, and it is characteristic that the degree of pain reported is "out of proportion" to the severity of the injury. The pain complaints can also be associated with swelling, changes in skin color, and skin temperature changes which are all noted as present in this record. It is described in the SSR as a "unique clinical syndrome" which is presumably why CRPS is the subject of a specific ruling.

-11-

It is undisputed that Dr. Greenberg, a podiatrist, diagnosed CRPS in 2014 (Tr. 599), Dr. Chopra, a pain management specialist, diagnosed CRPS types 1 and 2 in 2018 (Tr. 679, 690), and that Dr. Chihlas, an orthopedic IME, examined Plaintiff and found "probable" CRPS type 2 but that Plaintiff did not meet the diagnostic criteria for type 1. (Tr. 1031-1033). More specifically as to Dr. Chopra, he opined on June 5, 2018 that Plaintiff's CRPS type 2 was secondary to her 2012 work-related left foot injury, and that her CRPS type 1 was secondary to the three surgeries she had on that injured foot in 2012, 2014 and 2017. (Tr. 679). The ALJ found Dr. Chopra's opinion "persuasive" regarding these diagnoses but inexplicably does not identify CRPS as a medically determinable impairment as would appear to be dictated by the evidence of record and application of SSR 03-2p and also does not evaluate CRPS at Step 2. (Tr. 78).

In response, Defendant describes CRPS as a "disputed" diagnosis on this record but that description simply does not square with the record and with the ALJ's express finding that Dr. Chopra's 2018 diagnosis of CRPS was "persuasive." Defendant also unpersuasively argues that there is "no merit" to Plaintiff's argument that the ALJ should have found her CRPS to be both a medically determinable impairment and a Step 2 severe impairment. (ECF No. 19 at p. 22). Defendant clarified its position at the hearing to be a "harmless error" argument and argues that Plaintiff has not shown that her CRPS, even if found to be a severe impairment, would have resulted in a more restrictive RFC finding. Defendant concedes that the ALJ did not discuss or even reference SSR 03-2p in his decision and makes no showing that the ALJ correctly applied that SSR. Defendant also contends that Plaintiff has not shown that the ALJ carried out any analysis prohibited by SSR 03-2p "such as discounting pain complaints" as being out of proportion. Id. at p. 24. Defendant cites Godfrey v. Astrue, CA No. 10-565, 2011 WL 1831582 at *7 (W.D. Pa. May 12, 2011), for the proposition that the relevant question is not whether the

ALJ specifically referenced the applicable SSR but rather whether the SSR dictates a different result. (ECF No. 19 at p. 25). However, the Godfrey case actually provides that the ALJ was not required to specifically mention the applicable SSR "provided that the principles embodied in th[e] Ruling[ ] were correctly applied." Godfrey, 2011 WL 1831582 at *7.

Plaintiff describes Defendant's response to her argument as to CRPS and SSR 03-2p as a punt. (ECF No. 20 at p. 3). Frankly, after reviewing Defendant's brief, it is difficult to disagree with that assessment. Plaintiff's medical history, including multiple surgeries to try to correct her left foot and ongoing treatment for related pain, seems to fall directly in the ambit of a case implicating CRPS and SSR 03-2p. Yet, the ALJ did not directly address the issues of whether CRPS was a medically determinable impairment in this case or a severe impairment at Step 2, and he did not discuss or impliedly apply the principles enunciated in SSR 03-2p. While doing so might not ultimately change the outcome of Plaintiff's application for DIB, it is impossible for the Court to unscramble the egg and determine if it might.

It is, of couse, the ALJ's province to weigh the competing evidence and, in this case, he elected to give reduced weight to the opinion of Dr. Turacova, Plaintiff's primary care physician, and to give reduced credit to Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, including pain. (Tr. 74, 78-79). However, it is unclear whether the ALJ would have reached those same conclusions if he had viewed this case through the lens of CRPS and under the guidance of SSR 03-2p. Moreover, the ALJ found the State Agency opinions of both Dr. Sandell (Ex. 1A) and Dr. Callaghan (Ex. 3A)79 to be "persuasive" and supportive of his conclusion that Plaintiff could perform a reduced range of light exertional tasks and could stand/walk for at least two hours in an eight-hour workday. (Tr. 79). However, while Dr. Callaghan found that Plaintiff could stand/walk for at least two hours (Tr. 112), Dr. Sandell opined

that Plaintiff could only stand/walk for "[s]ignificantly less than 2 hours" in a workday and that she could only stand for "0-1 hour/8 hour day no AD [assistive device] needed." (Tr. 94, 95). The ALJ does not reconcile this difference of opinion in his decision and thus his finding that both opinions are persuasive seems incongruous. On balance, and for the reasons articulated above, the Court concludes that the interests of justice and the applicable standard of review warrant a remand and further consideration of this claim.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 13) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 19) be DENIED. I further recommend that Final Judgment enter in favor of Plaintiff remanding this matter for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 1, 2022